UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBBY ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 6:08CV-3292-RED |
| | ) | |
| SPRINGFIELD-GREENE COUNTY | ) | |
| HEALTH DEPARTMENT, | ) | |
| COX HEALTH SYSTEMS, and | ) | |
| WALMART SUPERCENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SPRINGFIELD-GREENE COUNTY HEALTH DEPARTMENT'S SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS

COMES NOW the Springfield-Greene County Health Department (hereinafter 'SGCHD'), an administrative department of the City of Springfield, Missouri, a charter city, by and through the undersigned, and in support of its Motion to Dismiss, pursuant to Mo. Rules of Civil Procedure, Rule 55.27 and Fed. Rules of Civil Procedure, Rule 12(b), would state to the Court as follows:

1. **Plaintiff's complaint is time-barred because plaintiff failed to timely file an administrative complaint against SGCHD within the MCHR limitations period.**

Section 213.075 of the Missouri revised statutes provides a notice provision as follows: *Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, **within one hundred eighty days of the alleged act of discrimination***… . (Emphasis added). Similarly, the federal notice requirement for unlawful discriminatory practice is within 180 days of the event. Debbie Rose (hereinafter

1

'plaintiff') did not file her administrative complaint against the SGCHD within the required one hundred and eighty days of the alleged act and as a result, the complaint now before the Court is barred for lack of subject-matter jurisdiction.

In Missouri Commission on Human Rights (hereinafter 'MCHR') complaint #P-08/07-02737, filed August 9, 2007, plaintiff set forth facts of her alleged discrimination. The only assertion she made against SGCHD was their action in sending out "letters directing these institutions not to allow me to enter their establishments as long as I had with me my service animal." The referenced letter was sent out by SGCHD on or about September 5, 2006. After September 5, 2006, SGCHD took no further action regarding plaintiff, nor did plaintiff allege any further discriminatory act from SGCHD.

Plaintiff's charge against SGCHD, filed with the MCHR August 9, 2007, was filed over 300 days after the September 5, 2006 letter. As such, the administrative complaint was filed well past the one hundred eighty days notice requirement within which the complaint must be filed, and accordingly is barred. Foster v. BJC Health System, E.D.Mo.2000, 121 F.Supp.2d 1280 (E.D.Mo., 2000); Tapp v. St. Louis University, E.D.Mo.2000, 78 F.Supp.2d 1002 (E.D. Mo., 2000).

The period for filing a charge or complaint begins when the "*alleged intentional discrimination occurred, not from the date when the effects of this practice were felt*". Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S.Ct.2162, U.S., 2007, citing Lorance v. AT&T Technologies, 490 U.S. 900, 109 S.Ct. 2261, L.Ed.2d 961 (1989). According to Thompson v. Western-Southern Life Assurance Company, Et.Al., 82 S.W.3rd 203 (Mo.App. E.D., 2002), at p.206, "*Any act of discrimination occurring outside the 180-day period is considered "merely an unfortunate event in history which has no present consequences."* Also cited in Ledbetter, supra.

Plaintiff may attempt to argue continuing discrimination by the restaurants, as a result of the September 5, 2006 letter. However the restaurant's actions are not those of the SGCHD, and as stated by the U.S. Supreme Court in Ledbetter, supra at p.2168, the "*continuing effects of the precharging period discrimination did not make out a present violation*." The notice provision required by Mo. R. S. Section 213.075 was not met by plaintiff, against SGCHD. Accordingly, plaintiff's claim against SGCHD must be dismissed.

**2. The Springfield-Greene County Health Department does not have the legal capacity to sue or be sued.**

In the alternative, and not waiving the statute of limitations defense, the Springfield-Greene County Health Department is an administrative department of the City of Springfield and, as such, does not have the capacity to sue or be sued under Missouri law. Fed.R.Civ.P. 17(b) requires that all parties must have the capacity to sue and be sued. It is established law in the state of Missouri, that "departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments." Catlett v. Jefferson County, 299 F. Supp 967, 968-69 (E.D.Mo.2004). Such an event has not occurred for the Springfield-Greene County Health Department.

In the recent United States District Court, E.D. Division of Missouri, case of Kaminsky v. State of Missouri, 2007 WL 2956404 (E.D. Mo. 2007) the court was faced with a similar situation to the case now before the Court. In Kaminsky, the prosecutor's office was named as a defendant. The prosecutor filed a motion to dismiss the case against them. In granting the dismissal, the court determined that although a prosecutor's office may have the power to sue and prosecute on behalf of the county it has no power to sue or be sued on its own behalf.

3
Case 6:08-cv-03292-RED   Document 17   Filed 09/10/08   Page 3 of 10

In looking to Missouri law, the District Court found the Missouri Supreme Court held "The health department, water department, sewer department, or any other department or utility of a city, unless expressly made suable by statute, cannot be sued either on a contract or for a tort;" Kaminsky, *id* at p. 3. After reviewing the facts, the District Court opined it saw "…no reason to treat the Prosecutor's Office differently than a county sheriff's department, city personnel department, or city water department" and the case filed against the prosecutor's office was dismissed. Kaminsky v. State of Missouri, 2007 WL 2956404 (E.D. Mo. 2007).

In Kaminsky, as in the current case, Plaintiff's petition fails to state a claim against the Springfield-Greene County Health Department because they are not a suable entity. As opposed to being its own entity, the Springfield-Greene county Health Department is an integral part of the City that functions as an administrative arm and as such, no viable suit can be maintained against them. The petition should be dismissed in its entirety as to the Springfield-Greene County Health Department.

3. **Plaintiff's Petition fails to state a claim upon which relief may be granted against the Defendant and should be dismissed.**

In the alternative, and not waiving the statute of limitations defense, SCGHD would state plaintiff's petition fails to state a claim upon which relief can be granted. Plaintiff has cited four different statutory authorities in support of her claims against the Springfield-Greene County Health Department, which include:

- RSMo Statute §209.150, et seq
- RSMo Chapter 213 (Human Rights);
- §706(f) of Title VII of the Civil Rights Act of 1964 (42 USC §2000e, et seq);

- 42 U.S.C. §12101, et seq. (Chapter 126 – Equal Opportunity for Individuals with Disabilities).

Plaintiff has failed to allege facts which would entitle her to a cause of action against SGCHD under any of these sections.

## Missouri Law

RSMo §209.150.1 states that every person with a "*visual, aural, or physical disability*" shall have the same rights afforded someone with no disability to the "*full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places*." In Paragraph #9 of her Petition, Plaintiff state she suffers from "a handicap in that she suffered from medically diagnosable anxiety disorders and agoraphobia." Mental conditions are not contemplated in RSMo §209.150.1 and plaintiff has failed to allege a "*visual, aural, or physical disability*" as contemplated in the statute.

Further, RSMo §209.150.3 entitles those individuals with a "*visual, aural, or physical disability*" the right to be "*accompanied by a guide **dog**, hearing **dog**, or service **dog**, which is especially trained for the purpose*". A Bonnet Macaque monkey is not a dog, and is not only absent from the statute, it is an animal specifically prohibited within the city limits of Springfield, Missouri. Pursuant to Springfield City Code Section 18-13, it is unlawful for any person to "…*keep, possess, display or offer for sale any wild animal within the city*." The term 'wild animal' is defined and the definition includes 'nonhuman primates.'

Plaintiff has failed to allege sufficient facts to place her within the group of protected individuals contemplated within RSMo §209.150 and has failed to allege facts asserting ownership of a service animal allowed within §209.150. As such, plaintiff has failed to state a claim from which relief can be granted under RSMo §209.150.

Plaintiff cites RSMo Chapter 213 as the basis for some of her claims. Chapter 213 defines 'person' as *"...one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons."* As stated previously this action cannot be maintained against the SGCHD as it is an administrative department and not an entity with the capacity to sue or be sued.

The discriminatory "act" that plaintiff alleges the SGCHD performed was the mailing of letters to local restaurants and other food establishments informing them that the presence of a Bonnet Macaque monkey in a food establishment violated state health codes. RSMo Chapter 213 provides an administrative procedure for those allegedly suffering from discrimination. As part of that procedure, a complainant is required to file a verified complaint with the Missouri Commission on Human Rights within 180 days of the alleged act of discrimination (RSMo §213.075). The letter which constitutes the alleged discriminatory act performed by the SGCHD was mailed out on or about September 5, 2006. Plaintiff filed a complaint with the Missouri Commission on Human Rights on or about August 9, 2007, well outside of the 180-day time frame, and as such, is barred from consideration.

Further, even had the plaintiff timely filed her administrative claim, which she did not, she failed to allege sufficient facts in her petition to state a claim pursuant to RSMo Chapter 213. The language in RSMo Chapter 213.065 states all persons *"shall be entitled to the full and equal use and enjoyment within this state of any place of public accommodation"* and it would be unlawful discriminatory practice for any person to withhold or deny another from *"any of the accommodations, advantages, facilities, services of privileges made available in any place of*

*public accommodation…"*. RSMo §213.010(4) contemplates a disability "which substantially limits one or more of a person's major life activities".

In Paragraph #9, plaintiff asserts she suffers from a 'handicap' related to 'anxiety disorders and agoraphobia'. In Paragraph #10, she asserts "That this physical and mental impairment substantially limited one or more of the major life activities …in that she was unable to go out in public without medication and that she was significantly restricted as to the condition, manner and duration under which she could perform a particular life activity such as going out as compared to the average person."

The allegations in her petition fail to establish she has a 'disability' within the plain reading of the statute, in that there is no disruption of a major life activity alleged. The allegations fail to establish or assert any way in which the SGCHD unlawfully withheld public accommodations from her, as the letter only advised against her entry to public accommodations with the Bonnet Macaque monkey, due to health risks to the public (See 28 CFR 36.301(b)). The Plaintiff was free to enter any public accommodation without the monkey. Finally, the allegations fail to establish any 'service' the monkey does for the plaintiff. As such, the Petition does not state a claim under Missouri law.

### Federal Law

Plaintiff cited Federal laws §706(f) of Title VII of the Civil Rights Act of 1964 (42 USC §2000e, et seq) and 42 U.S.C. §12101, et seq. (Chapter 126 – Equal Opportunity for Individuals with Disabilities) as authority for the alleged discriminatory act of denying her access to public accommodations. Under 42 U.S.C 2000e [Section 701], person is defined as "…one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, jointstock

companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." The SGCHD, as an administrative department of the City of Springfield does not fall within the definition of "person" and therefore an action cannot be maintained against it for violation of the Act.

Further, plaintiff failed to allege what "unlawful employment practice" the Springfield-Greene County Health Department engaged in with relation to plaintiff which supposedly gives rise to a cause of action under Title VII of the Civil Rights Act of 1964. Plaintiff has wholly failed to state a claim against this defendant, under Title VII, and therefore her claims against SGCHD should be dismissed.

Plaintiff cites 42 U.S.C. §12101, et seq. (Chapter 126 – Equal Opportunity for Individuals with Disabilities) as the basis for some of her claims. This Chapter contains §§12101 and 12102 along with 4 subchapters. Plaintiff has made no allegations that would support a claim under Subchapter I – Employment as she has not alleged that the Springfield-Greene County Health Department is or has ever been her employer.

Subchapter II – Public Services, §12132 sets forth that "*no qualified individual with a disability shall, **by reason of such disability**, be excluded from participation in or be denied the benefits of the services, programs, or activities of a pubic entity, or be subjected to discrimination by any such entity.*" (Emphasis added) Plaintiff has failed to set forth facts showing that she has been excluded from participation in any public entity activity, denied the benefits of any service or program or been subjected to any discrimination by the Springfield-Greene County Health Department by reason of any alleged disability.

8

The only allegation set forth by plaintiff against the SGCHD relates to prohibiting her from taking her pet Bonnet Macaque monkey into food establishments in violation of state health code and city code. She herself was free to enter any of the referenced establishments.

Subchapter III – Public Accommodations and Services Operated by Private Entities defines "Private Entities" as "…any entity other than a public entity." The SGCHD, as an administrative department of the City of Springfield is clearly not a "private entity" that "*owns, leases (or lease to), or operates a place of public accommodation.*" (42 U.S.C. §12182) and therefore a claim under this subchapter cannot be maintained against it.

WHEREFORE, defendant, Springfield-Greene County Health Department, hereby respectfully requests this Court to dismiss plaintiff's petition against this defendant, in its entirety, as plaintiff's petition is time-barred for failure to timely file an administrative complaint, and in the alternative, is brought against an entity that does not have the capacity to sue or be sued, and fails to state sufficient facts to state a claim upon which relief can be granted.

Respectfully Submitted,

By: *s/ Jan Millington*
Jan Y. Millington, MO Bar #35273
Assistant City Attorney
840 Boonville Ave.
Springfield MO 65802
(417) 864-1645
FAX: (417) 864-1551
jmillington@springfieldmo.gov (email)

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| James H. Arneson<br>dive1552@aol.com<br>(attorney for Debby Rose) | Bryan O. Wade<br>bryan.wade@huschblackwell.com<br>(attorney for Cox Health Systems) |

James F. Bennett
jbennett@dowdbennett.com
(attorney for Walmart Supercenter)

By: ___s/ Jan Millington___
       Jan Y. Millington