IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBBY ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 6:08CV-3292-RED |
| | ) | |
| SPRINGFIELD-GREENE COUNTY, | ) | |
| HEALTH DEPARTMENT | ) | |
| COX HEALTH SYSTEMS, and | ) | |
| WALMART SUPERCENTER, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANT SPRINGFIELD-GREENE COUNTY HEALTH DEPARTMENT'S MOTION TO DISMISS**

**COME NOW** Plaintiff, Debby Rose, by and through her counsel of record, and in response to Defendant Springfield-Greene County Health Department's Motion to Dismiss, states the following:

Plaintiff will address the arguments presented by Springfield-Greene County Health Department (hereinafter referred to as SGCHD) in the order in which they are presented to the court in the Health Department's suggestions in support of its motion to dismiss.

1. **Timely filing of administrative complaint against SGCHD.**

Defendant is correct in that Missouri statutes require the person claiming to be aggrieved by any unlawful discriminatory practice to file a charge of discrimination with the Missouri Commission on Human Rights (hereinafter referred to as MCHR) within 180 days of the alleged act of discrimination. If the Defendant was guilty of only one act, the argument presented by Defendant, SGCHD, may have merit; however, Defendant has engaged in a continuing pattern of discrimination against this Plaintiff by continuing to instruct businesses within the City of Springfield to deny access to Plaintiff with her service animal. While the letter referred to by Plaintiff within her complaint is dated September 5, 2006, this letter instructed the entities to which it was addressed to continue to deny to access to Plaintiff. It has been held that the limitations period begins to run when the alleged discriminatory action took place and Plaintiff was aware of the action. *Heilman v. American Family Mutual Insurance Company,* 931 F. Supp.

658 (W.D. Mo 1996). In this case, Debby Rose began to attend Cox College of Nursing and Health Sciences beginning in January of 2007. At that time, she was allowed to enroll in her general courses and attend general education classes with her service animal. On March 3, 2007, Plaintiff was presented a letter by Dr. Karen Hazen, PhD, Interim President of Cox College of Nursing and Health Sciences, and informed that she could no longer attend classes accompanied by her service animal because the SGCHD had instructed them not to allow a "non-human primate" into their hospital. Plaintiff filed a charge of discrimination against Cox Health Systems and SGCHD on August 9, 2007. This is easily within the 180-day time period set forth within the Missouri statute. When there is a continuing violation and it can be shown that there is an ongoing practice that continues the discrimination, the courts recognize that such a claim can not be said to occur on a particular date, it occurs over a period or a series of days, perhaps even years. *Giandinato v. Chemir Analytical,* 545 F. Supp. $2^d$ 952 (E.D. Mo. 2007).

For these reasons, Defendant SGCHD's argument regarding Plaintiff's claim being time-barred must fail.

2. **SGCHD does not have legal capacity to sue or be sued.**

The arguments presented by Defendant SGCHD in its suggestions in support of its motion to dismiss miss one very important point. Title II of the Americans with Disabilities Act (ADA) applies to public entities. 42 U.S.C.A. § 12132. The definition of a public entity includes any department, agency, etc. of a state or local government. 42 U.S.C.A. § 12131. Further, a state or local entity is not immune under the Eleventh Amendment to the Constitution. 42 U.S.C.A. § 12202. Missouri law is preempted by federal law in this area. (Refer to Argument Number Three (3).)

Once again Defendant SGCHD's position is incorrect and its motion to dismiss must fail because the SGCHD is a public entity under Title II of The ADA and is therefore subject to enforcement for violations of that act.

In the alternative, Plaintiff would request that the Court allow her to amend her complaint, naming the City of Springfield. Where a department within the City has been named as a party, the Court has seen fit to allow Plaintiff to amend his complaint by interlineation to modify the way the Defendant is

identified and to supplement his prayer for relief. *Wilson v. City of St. Louis*, 2008 W.L. 2952773 (E.D. Mo.).

### 3. Plaintiff's petition does state a claim upon which relief may be granted.

Defendant takes the position that because Missouri law only refers to a guide dog, hearing dog or a service dog, and because a monkey is not a dog, Plaintiff has failed to state a cause of action against Defendant. Defendant fails to take into consideration the fact that federal law preempts state law. The position of courts in this country is to allow federal law to preempt state law in certain areas. The major purpose of this is uniformity of enforcement when that is the intent of Congress.

The Supreme Court of the United States has held that where Congress has intended uniform national standards, this would foreclose the imposition of different or more stringent state requirements. *Ray v. Atlantic Richfield Company*, 435 U.S. 151, 98 S. Ct. 988, 55 L. Ed. 2d 179, 192, (1978). Where uniform enforcement is a major consideration, courts will hold that federal law preempts state law. *Ray v. Atlantic Richfield Company,* 435 U.S. 151, 98 S. Ct. 988, 55 L. Ed. 2d 179, 201 (1978); *Jones v. Rath Packing Company,* 430 U.S. 519, 97 S. Ct. 1205, 51 L. Ed. 2d 604 (1977).

Courts in Missouri have generally recognized that state law can be preempted by federal law. When Congress has delegated broad authority to establish and regulate a uniform system that benefits the nation, state law is superseded. *Community Title Company v. Roosevelt Federal Savings,* 670 S.W.2d, 895, 901 (Mo. Ct. App. 1984). The court goes on to recognize that when a state regulation potentially conflicts with federal regulation or its purpose or that it results in lack of uniformity, that state law is then subordinate to federal law. *Community Title Company v. Roosevelt Federal Savings,* 670 S.W.2d, 895, 901 (Mo. Ct. App. 1984).

Where the intent of Congress from the language of its legislation is to occupy comprehensively a certain area, state law which relates to those areas, or which attempts to directly regulate those areas, is preempted. S*tate ex rel Montgomery Ward v. Peters,* 636 S.W.2d 99, 101 (Mo. Ct. App. 1982). Even state common law which conflicts with federal regulations when the area is "inextricably intertwined"

with the operation of the federal regulation, it is exclusively subjected to the procedures under the federal regulations. *Barchers v. Missouri Pacific Railroad Company,* 669 S.W.2d 235, 237 (Mo. Ct. App. 1984).

Clearly it was the intent of Congress to establish uniform enforcement of the ADA. Literally, 42 U.S.C. § 12101 et. seq. is designed to accomplish uniformity in enforcement across the nation. Within the section itself, the language creates a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The regulation goes on to state that it is the intent of this act to "invoke the sweep of Congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce in order to address the major areas of discrimination faced day to day by people with disabilities." 42 U.S.C. § 12101(b)(4). This law is designed to benefit all handicapped persons within the nation and thus preempts any state law which attempts to impose different or more stringent requirements. The short-sightedness of Missouri's legislators in only referring to "service dogs" is obviously preempted by the ADA which references "service animals." 28 U.S.C. § 36.302(c); AMJUR AMDISBACT § 370; and AMJUR AMDISBACT § 690. If the laws of the State of Missouri are preempted by federal law, then obviously the laws of the City of Springfield are also preempted by federal law.

The Fifth Circuit Court of Appeals has determined that the Justice Department commentary concerning service animals is not inconsistent with the plain language of the regulation. Congress directed the Justice Department to issue regulations to carry out the provisions of Title III. 42 U.S.C. § 12186(b). The Justice Department issued a regulation discussing the use of service animals in places of public accommodation and states that "generally a public accommodation shall modify policies, practices or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R § 36.302 (c)(1). *Johnson v. Gambrinus Company / Spoetzl Brewery* 116 F. 3d, 1060 (C.A. Tex. 1997).

For this reason, once again this argument within Defendant's Motion to Dismiss must fail. Clearly, Plaintiff has stated facts within her complaint that state a claim against these Defendants. In determining whether or not a Petition states facts upon which a claim for relief may be based, the Court looks at the issues in a broad sense. If under a pleading, a Plaintiff is entitled to a declaration of rights at

4

all, the Petition is sufficient for that purpose, even though it advances a mistaken contention of law. *Sandy v. Schriro*, 39 S.W. 3d 853, 856 (Mo. App. W.D. 2001). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim. *Riley v. Crawford*, 2007 W.L. 2907980 (W.D. Mo. 2007). For this reason, clearly Plaintiff has stated a claim within her complaint and Defendant's Motion to Dismiss must fail.

**WHEREFORE,** Plaintiff, Debby Rose., respectfully requests that the Court overrule Defendant Springfield-Greene County Health Department's Motion to Dismiss, including all counts thereof; and, for such further relief as the Court deems just under the circumstances.

**LAW OFFICES OF JAMES H. ARNESON**

By_____/s/_____
James H. Arneson
Missouri Bar #27898
2103 E. Sunshine
Springfield, MO 65804
Telephone: 417-886-3330
Facsimile: 417-886-8186
**Attorney for Plaintiff**
**Debby Rose**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Jan Y. Millington
jmillington@springfieldmo.gov
Attorney for Springfield-Greene County Health Department

Bryan O. Wade
bryan.wade@huschblackwell.com
Attorney for Cox Health Systems

James F. Bennett
jbennett@dowdbennet.com
Attorney for Wal-Mart Supercenter

_____/s/_____
James H. Arneson
Attorney for Plaintiff