IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBBY ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 6:08CV-3292-RED |
| | ) | |
| SPRINGFIELD-GREENE COUNTY, | ) | |
| HEALTH DEPARTMENT | ) | |
| COX HEALTH SYSTEMS, and | ) | |
| WALMART SUPERCENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANT WALMART STORES EAST'S MOTION TO DISMISS

**COME NOW** Plaintiff, Debby Rose, by and through her counsel of record, and in response to Defendant Walmart Stores East's Motion to Dismiss, states the following:

Defendant takes the position that Walmart's denial of access of Plaintiff with her service animal was "reasonable." The Fifth Circuit Court of Appeals indicated that Title II of the ADA defines discrimination to include "failure to make reasonable modifications…unless the entity can demonstrate that making the modifications would fundamentally alter the nature of {public accommodation}." *Johnson v. Gambrinus Company / Spoetzl Brewery* 116 F. 3d, 1059 (C.A. Tex. 1997). Plaintiff has sustained her burden that she requested modification when she sought entrance to the store with her service animal. Walmart now has the burden to show that the requested modification would fundamentally alter the nature of the public accommodation. *Johnson v. Gambrinus*, Supra, at Page 1059.

This area has rarely been visited by courts. The cases sighted by Defendant within its Suggestions in Support of its Motion to Dismiss are cases which do not apply to the facts in this case. Defendant Walmart mistates the law to the court regarding the American with Disabilities Act (ADA). The ADA specifically allows for *service animals* to provide services to individuals with disabilities. Any Missouri law which is more stringent than the federal law is preempted by federal law. A defendant

cannot rely upon local health department regulations or other state and local laws which deny access to a person with a service animal.

Defendant takes the position that because Missouri law only refers to a guide dog, hearing dog or a service dog, and because a monkey is not a dog, Plaintiff has failed to state a cause of action against Defendant. Defendant fails to take into consideration the fact that federal law preempts state law. The position of courts in this country is to allow federal law to preempt state law in certain areas. The major purpose of this is uniformity of enforcement when that is the intent of Congress.

The Supreme Court of the United States has held that where Congress has intended uniform national standards, this would foreclose the imposition of different or more stringent state requirements. *Ray v. Atlantic Richfield Company*, 435 U.S. 151, 98 S. Ct. 988, 55 L. Ed. 2d 179, 192, (1978). Where uniform enforcement is a major consideration, courts will hold that federal law preempts state law. *Ray v. Atlantic Richfield Company,* 435 U.S. 151, 98 S. Ct. 988, 55 L. Ed. 2d 179, 201 (1978); *Jones v. Rath Packing Company,* 430 U.S. 519, 97 S. Ct. 1205, 51 L. Ed. 2d 604 (1977).

Courts in Missouri have generally recognized that state law can be preempted by federal law. When Congress has delegated broad authority to establish and regulate a uniform system that benefits the nation, state law is superseded. *Community Title Company v. Roosevelt Federal Savings,* 670 S.W.2d, 895, 901 (Mo. Ct. App. 1984). The court goes on to recognize that when a state regulation potentially conflicts with federal regulation or its purpose or that it results in lack of uniformity, that state law is then subordinate to federal law. *Community Title Company,* Supra. a*t* 901.

Where the intent of Congress from the language of its legislation is to occupy comprehensively a certain area, state law which relates to those areas, or which attempts to directly regulate those areas, is preempted. S*tate ex rel Montgomery Ward v. Peters,* 636 S.W.2d 99, 101 (Mo. Ct. App. 1982). Even state common law which conflicts with federal regulations when the area is "inextricably intertwined" with the operation of the federal regulation, it is exclusively subjected to the procedures under the federal regulations. *Barchers v. Missouri Pacific Railroad Company,* 669 S.W.2d 235, 237 (Mo. Ct. App. 1984).

Clearly it was the intent of Congress to establish uniform enforcement of the ADA. Literally, 42 U.S.C. § 12101 et. seq. is designed to accomplish uniformity in enforcement across the nation. Within the section itself, the language creates a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The regulation goes on to state that it is the intent of this act to "invoke the sweep of Congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce in order to address the major areas of discrimination faced day to day by people with disabilities." 42 U.S.C. § 12101(b)(4). This law is designed to benefit all handicapped persons within the nation and thus preempts any state law which attempts to impose different or more stringent requirements. The short-sightedness of Missouri's legislators in only referring to "service dogs" is obviously preempted by the ADA which references "service animals." 28 U.S.C. § 36.302(c); AMJUR AMDISBACT § 370; and AMJUR AMDISBACT § 690. If the laws of the State of Missouri are preempted by federal law, then obviously the laws of the City of Springfield are also preempted by federal law.

The Fifth Circuit Court of Appeals has determined that the Justice Department commentary concerning service animals is not inconsistent with the plain language of the regulation. Congress directed the Justice Department to issue regulations to carry out the provisions of Title III. 42 U.S.C. § 12186(b). The Justice Department issued a regulation discussing the use of service animals in places of public accommodation and states that "generally a public accommodation shall modify policies, practices or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R § 36.302 (c)(1). *Johnson v. Gambrinus Company / Spoetzl Brewery* 116 F. 3d, 1060 (C.A. Tex. 1997).

Defendant Walmart takes the position that an accommodation that requires a Defendant to violate the instructions of a local governmental agency is not reasonable under the ADA. It cites the *Bricker v. Cleveland Board of Education* case in support of this theory. In this case, a ferry makes a determination that a disabled person with a service dog could not gain access to the lounge of the ferry because an individual passenger had requested an area that was "dander-free." The Court did hold that for the one-time request, the passenger being located in another area was reasonable under 28 C.F.R § 36.208. The

3
Case 6:08-cv-03292-RED   Document 19   Filed 09/23/08   Page 3 of 5

facts are slightly different in this case than those in the *Lockett* case. The Plaintiff was allowed onto the ferry, she simply was not allowed into the lounge. The ferry changed its policy and allowed service animals. In this case, Walmart has stated that Plaintiff can not be allowed any access to its store.

The Ninth Circuit Court in the *Lockett* case goes on to state that its holding is limited to the ferry's single determination made on that particular date and should not be read as suggesting that the change in policy made by the ferry was not compelled under the ADA. *Lockett v. Catalina Channel Express, Inc.*, 496 F. 3d, 1061, 1066 (9th Cir. 2007). The Court goes on to say the following:

> To the contrary, it is clear that ultimately the entity asserting "a direct threat" as a basis for excluding an individual bears a heavy burden of demonstrating that the individual poses a significant risk to the health and safety of others. *Bragdon v. Abbott*, 524 U.S. 624, 649-50, 118 S. Ct. 2196, 141 L. Ed. 2d 540 (1998). Indeed, CCE may well have violated the ADA had it not changed its policy. *Lockett*, Supra., at 1066.

For this reason, once again this argument within Defendant's Motion to Dismiss must fail. Clearly, Plaintiff has stated facts within her complaint that state a claim against these Defendants. In determining whether or not a Petition states facts upon which a claim for relief may be based, the Court looks at the issues in a broad sense. If under a pleading, a Plaintiff is entitled to a declaration of rights at all, the Petition is sufficient for that purpose, even though it advances a mistaken contention of law. *Sandy v. Schriro*, 39 S.W. 3d 853, 856 (Mo. App. W.D. 2001). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim. *Riley v. Crawford*, 2007 W.L. 2907980 (W.D. Mo. 2007). For this reason, clearly Plaintiff has stated a claim within her complaint and Defendant's Motion to Dismiss must fail.

**WHEREFORE,** Plaintiff, Debby Rose., respectfully requests that the Court overrule Defendant Walmart Stores East's Motion to Dismiss, including all counts thereof; and, for such further relief as the Court deems just under the circumstances.

**LAW OFFICES OF JAMES H. ARNESON**

By_____/s/_____
James H. Arneson
Missouri Bar #27898

4

2103 E. Sunshine  
Springfield, MO 65804  
Telephone: 417-886-3330  
Facsimile:  417-886-8186  
**Attorney for Plaintiff**  
**Debby Rose**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Jan Y. Millington
jmillington@springfieldmo.gov
Attorney for Springfield-Greene County Health Department

Bryan O. Wade
bryan.wade@huschblackwell.com
Attorney for Cox Health Systems

James F. Bennett
jbennett@dowdbennet.com
Attorney for Wal-Mart Supercenter

                                                                                    _____/s/_____  
                                                                                    James H. Arneson  
                                                                                    Attorney for Plaintiff