IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DEBBY ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:08-CV-03292-RED |
| ) | |
| SPRINGFIELD-GREENE COUNTY ) | |
| HEALTH DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND**

Comes now Defendant Wal-Mart Stores East, LP ("Wal-Mart"), improperly named in the Petition as Wal-Mart Supercenter for its Answer, Affirmative Defenses, and Jury Trial Demand, and states as follows:

1. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies those allegations.

2. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies those allegations.

3. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4. In response to Paragraph 4 of the Complaint, Wal-Mart Stores East, LP states that it was improperly named in the Petition as Wal-Mart Supercenter. Wal-Mart Stores East, LP is a limited partnership organized under the laws of Delaware. Wal-Mart Stores East, LP states that it does business in the State of Missouri at the address, 2825 North Kansas Expressway in Springfield, Missouri. Except as expressly admitted herein, Wal-Mart denies Paragraph 4 of the Complaint.

5. Wal-Mart admits that this action occurred in Springfield, Missouri. Except as expressly admitted herein, Wal-Mart denies Paragraph 5 of the Petition.

6. Paragraph 6 of the Petition asserts conclusions of law to which no responsive pleading is required. Wal-Mart further states that in an Order filed December 5, 2008 ("Order"), this Court dismissed Plaintiff's claims under R.S.Mo. Chapters 213 and 209.150 et Seq., and 42 U.S.C. § 20000e, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, Wal-Mart denies the allegations contained in Paragraph 6.

7. Paragraph 7 of the Petition asserts conclusions of law to which no responsive pleading is required. Wal-Mart admits that this Court has jurisdiction over this action. To the extent a responsive pleading is required and except as expressly admitted herein, Wal-Mart denies the allegations contained in Paragraph 7.

8. Paragraph 8 of the Petition asserts conclusions of law to which no responsive pleading is required. Wal-Mart further states that in the Order, this Court dismissed Plaintiff's claims under R.S.Mo. Chapters 213 and 209.150 et Seq., and 42 U.S.C. § 20000e, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, Wal-Mart denies the allegations contained in Paragraph 8.

9. Wal-Mart denies Paragraph 9 of the Petition

10. Wal-Mart denies Paragraph 10 of the Petition.

11. Wal-Mart denies Paragraph 11 of the Petition.

12. Wal-Mart denies Paragraph 12 of the Petition.

13. Paragraph 13 of the Petition asserts conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Wal-Mart denies the allegations contained in Paragraph 13.

14. Wal-Mart denies Paragraph 14 of the Petition.

15. Wal-Mart denies Paragraph 15 of the Petition.

16. Wal-Mart denies Paragraph 16 of the Petition.

17. Wal-Mart admits that in September 2006, Wal-Mart received a letter from Springfield-Greene County Health Department that instructed Wal-Mart not to allow Plaintiff to enter Wal-Mart with a monkey. Wal-Mart further states that the letter from Springfield-Greene County Health Department speaks for itself and respectfully refers the Court to that letter for its full content. Except as expressly admitted herein, Wal-Mart denies Paragraph 17 of the Petition.

18. In response to Paragraph 18, Wal-Mart states that the letter from Springfield-Greene County Health Department stated, "To All Food Establishment Owners and Operators." Wal-Mart further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19. Paragraph 19 asserts conclusions of law that are directed to Springfield-Greene County Health Department to which no responsive pleading by Wal-Mart is required. Wal-Mart further states that its Order, this Court dismissed Plaintiff's claims under R.S.Mo. Chapters 213 and 209.150 et Seq., and 42 U.S.C. § 20000e, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, Wal-Mart denies the allegations contained in Paragraph 19.

20. Wal-Mart denies Paragraph 20 of the Petition.

21. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23. Paragraph 23 asserts conclusions of law that are directed to Cox Health Systems to which no responsive pleading by Wal-Mart is required. To the extent a responsive pleading is required, Wal-Mart denies the allegations contained in Paragraph 23.

24. Wal-Mart denies Paragraph 24 of the Petition.

25. Wal-Mart states that in the Order, this Court dismissed Plaintiff's claims under R.S.Mo. Chapters 213 and 209.150 et Seq., and 42 U.S.C. § 20000e, and therefore, no responsive pleading is required. Wal-Mart further denies the allegations in Paragraph 25 of the Petition.

26. Wal-Mart denies Paragraph 26 of the Petition.

27. Wal-Mart denies Paragraph 27 of the Petition.

28. Wal-Mart denies Paragraph 28 of the Petition.

29. Wal-Mart denies Paragraph 29 of the Petition.

30. Wal-Mart denies Paragraph 30 of the Petition.

31. Paragraph 31 is directed at Springfield-Green County Health Department and Cox Health Systems and no responsive pleading by Wal-Mart is required. Wal-Mart further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore, denies those allegations. Except as expressly admitted herein, Wal-Mart denies Paragraph 31 of the Petition.

32. Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore, denies those allegations. Except as expressly admitted herein, Wal-Mart denies Paragraph 32 of the Petition.

## AFFIRMATIVE DEFENSES

In further answer to the allegations contained in the Petition, and as and for separate, affirmative defenses, Wal-Mart alleges as follows:

1. The allegations in the Complaint fail to state a claim for which relief may be granted.

2. Plaintiff lacks standing to bring these claims.

3. Plaintiff's claims are barred in whole or in part, by the doctrine of laches.

4. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel and/or unclean hands.

5. Plaintiff's claims are barred by the doctrine of *res judicata* or preemption.

6. Plaintiff's claims are barred by the doctrines of equitable estoppel and/or judicial estoppel.

7. To the extent any of plaintiff's claims are based upon acts lawful under the laws of the United States or state laws, such claims are barred because the action is reasonable, immune, privileged and/or legally justified.

8. Wal-Mart's actions were fully justified and privileged as a matter of law and, therefore, give rise to no claims against it.

9. Plaintiff has not suffered any cognizable injury, actual or threatened.

10. There is no direct or proximate causal connection between any claim of harm or injury alleged by plaintiff any and act or omission alleged to have been committed by Wal-Mart.

11. Plaintiff failed to exhaust all administrative remedies prior to filing its lawsuit.

12. Plaintiff failed to timely file charges of discrimination with the Missouri Commission for Human Rights (MCHR).

13. Plaintiff failed to allege the use of a service animal that meets the definition of "service animal" under Missouri and federal law.

14. The accommodations requested by Plaintiff are not reasonable under federal or state law, and Plaintiff's claims fail because it was reasonable for Wal-Mart to not violate the express mandate of a governmental organization.

15. Wal-Mart incorporates all applicable affirmative defenses asserted by the co-defendants in this action.

16. Wal-Mart reserves the right to raise additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Wal-Mart prays that the allegations in the Complaint be dismissed with prejudice, that Plaintiff's prayer for relief be denied in its entirety, and that the Court enter judgment for Wal-Mart with costs and grant Wal-Mart such other and further relief as is just and proper, including its attorney's fees.

## DEMAND FOR JURY TRIAL

Defendant Wal-Mart Stores Inc. hereby demands trial by jury on all issues that are triable.

Dated: December 15, 2008		Respectfully submitted,

							DOWD BENNETT LLP


						By:	/s/ James F. Bennett
							James F. Bennett, #46826
							jbennett@dowdbennett.com
							Erika M. Anderson, #56214
							eanderson@dowdbennett.com
							7733 Forsyth, Suite 1410
							St. Louis, Missouri 63105
							Telephone: (314) 889-7300
							Facsimile: (314) 863-2111

						Attorneys for Wal-Mart Stores East, LP


## CERTIFICATE OF SERVICE

  A copy of the foregoing was served on all counsel of record via the Court's electronic filing system on the 15th day of December, 2008.



						       /s/ James F. Bennett